UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARGARET PINEAU,**

    **Plaintiff,**

**v.**

**COMAU PICO and FORD MOTOR COMPANY,**

    **Defendants.**

_____/

Case No. 03-74708

HONORABLE DENISE PAGE HOOD

**MEMORANDUM OPINION AND ORDER
AND
NOTICE OF STATUS CONFERENCE**

**I.    INTRODUCTION**

This matter is before the Court on two motions for summary judgment filed by Defendant Ford Motor Company and Defendant Comau PICO. Defendants both filed their respective motions on March 17, 2005. Plaintiff filed a Response to each motion on April 25, 2005.

**II.   STATEMENT OF FACTS**

The facts are disputed by the parties. The following facts are common to the parties' pleadings. Plaintiff, Margaret Pineau was employed by Defendant Comau PICO, where she was assigned to the position of Manufacturing Integration Manager ("MIM"). (Compl. ¶ 8-9). Defendant Comau PICO and Defendant Ford Motor Company ("Ford") contracted for Defendant Comau PICO to install body shop welding tooling at Defendant Ford's Norfolk, Virginia Assembly Plant ("Norfolk site"). *Id*. ¶ 10. During her placement at Defendant Ford's Norfolk site, Plaintiff

1

and Defendant Ford employees developed a hostile relationship. (Compl. at 3, and Def. Ford Mot. Summ. J. at 1). Defendant Ford eventually requested the removal of Plaintiff from the Norfolk site. (Def. Comau PICO Mot. Summ. J. at 7). Defendants had a meeting where it was agreed that Plaintiff would be removed from the Norfolk site. *Id*. at 8. Plaintiff returned to Michigan where she complained about the treatment she received from Defendant Ford employees. *Id*. Defendant Comau PICO then offered Plaintiff a job, in Novi, Michigan, at the same level, same compensation and benefits and with similar responsibilities that she had at the Norfolk site. *Id*. at 9. Plaintiff declined the position and accepted voluntary layoff. *Id*. Defendants assert that Defendant Comau PICO offered Plaintiff another comparable position in Chicago, Illinois, and that the Plaintiff also declined the offer. *Id*. Plaintiff states that she was never offered the Chicago position. (Pl.'s Resp. To Def. Comau PICO at 6). On April 21, 2003, Plaintiff complained of gender discrimination to Defendant Comau PICO's Human Resources Department. Defendant PICO has not hired any individuals for the position of MIM in the state of Michigan, since Plaintiff's layoff. *Id*. at 10. Plaintiff was paid a bonus in March 2003, for her performance in 2002. *Id*. Plaintiff filed the Complaint on November 24, 2003.

## III.   STANDARD OF REVIEW

The standard that must be satisfied to secure a dismissal via summary judgment is high. Pursuant to Rule 56(c), summary judgment may only be granted in cases where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the burden of showing no dispute as to any material issue. *Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503

F.2d 1086, 1093 (6th Cir. 1974). A dispute must be evident from the evidence in order to deny such a motion. Such a dispute must not merely rest upon the allegations or denials in the pleadings, but instead must be established by affidavits or other documentary evidence. Fed.R.Civ.P. 56(e). When ruling, the Court must consider the admissible evidence in the light most favorable to the non-moving party. *Sagan v. United States of Am.*, 342 F.3d 493, 497 (6th Cir. 2003).

## IV.   APPLICABLE LAW & ANALYSIS

### A.   Tortious Interference with Advantageous Relationship, Count III - Against Defendant Ford Motor Company

Plaintiff alleges tortious interference with advantageous business relationship and at-will employment against Defendant Ford.

In Michigan, the elements of a tortious interference with an advantageous relationship or at-will employment claim are: "(1) the existence of a valid business relationship (not necessarily evidenced by an enforceable contract) or expectancy; (2) knowledge of the relationship or expectancy on the part of the defendant interferor; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resulting damage to the party whose relationship or expectancy has been disrupted." *Wausau Underwriters, Inc. Co. v. Vulcan Development, Inc.*, 323 F.3d 396, 404 (6th Cir. 2003).

It is undisputed that there existed a valid business relationship or expectancy between the Plaintiff and Defendant Comau PICO and that Defendant Ford, as the alleged interferor, knew of the business relationship or expectancy. As such, the Court only must determine the validity of the third and fourth elements required for a successful tortious interference claim.

To establish the third element, wrongful interference, the plaintiff must show that the defendant committed a *per se* wrongful act or committed a lawful act with malice and without

justification "for the purpose of invading the contractual rights or business relationship of another." *Wausau*, 323 F.3d at 404. A *per se* wrongful act is one that is "inherently wrongful or an act that can never be justified under any circumstances." *Prysak v. R.L. Polk Co.*, 193 Mich. App. 1, 12-13 (1992). A lawful act done with malice and without justification must be proven by presenting specific affirmative action by the defendant that corroborates the improper motive of the interference. *BPS Clinical Laboratories v. Blue Cross & Blue Shield of Michigan*, 217 Mich. App. 687, 699 (1996). Where the defendant's actions are motivated by legitimate business reasons, its actions do not constitute improper motive or interference. *Wausau*, 323 F.3d at 404; *Mino v. Clio School District*, 255 Mich. App. 60, 78 (2003).

Plaintiff argues that Defendant Ford's request to remove her from the Norfolk site was both a *per se* wrongful act and a lawful act done with malice and without justification. Plaintiff first argues that Defendant Ford committed an act of extortion by threatening Defendant Comau PICO with loss of business unless the Plaintiff was terminated from her position as MIM in Norfolk. Plaintiff, however, does not provide any evidence to support her contention that Defendant Ford committed extortion. Plaintiff then argues that Defendant Ford's lawful act of requesting her removal from the Norfolk site was improperly motivated by sex discrimination. Plaintiff provides anecdotal evidence that she was sexually harassed by individual Defendant Ford employees, yet she does not allege nor does she provide any evidence that Defendant Ford committed sex discrimination against her when requesting her removal from the Norfolk site. Furthermore, Plaintiff does not provide any evidence that Defendant Ford engaged in sexual discrimination for the purpose of invading the contractual rights or business relationship of Plaintiff and Defendant Comau PICO. Plaintiff cannot meet the third element of the tortious interference with a

4

advantageous business relationship and at-will employment claim.

Regarding the fourth element, Plaintiff claims that she was removed from her position as a MIM based on the actions of Defendant Ford, which ultimately led to her lay off/termination with Defendant Comau PICO. Defendant Ford asserts that Plaintiff was not damaged as a result of its actions, because Defendant Ford did not request Defendant Comau PICO to discharge or lay off Plaintiff. Whether or not Plaintiff was damaged is a dispute of a material fact.

While Plaintiff has met the first, second and fourth elements of a tortious interference with an advantageous business relationship and at-will-employment claim, she has failed to meet the third element. As such, summary judgment is appropriate, and Count III, tortious interference with an advantageous business relationship and at-will employment, is dismissed.

### B.  Sex Discrimination, Count I and Retaliation, Count II  - Against Defendant Comau PICO

Plaintiff alleges two causes of action against Defendant Comau PICO only, namely: (1) sex discrimination, and (2) retaliation.

#### 1.  Sex Discrimination, Count I

It is an unlawful employment practice for an employer to discriminate against an individual based on his or her sex, with respect to compensation, terms, conditions, or privileges of employment. 42 USC § 2000e-2(a)(1); MCL 37.2202. To succeed in a sex discrimination claim, the plaintiff must show that sex was a motivating factor for the adverse employment decision. *Perry v. McGinniss*, 209 F.3d 597, 601 (6th Cir. 2000); *Goosetree v. State of Tenn.*, 796 F.2d 854, 863 (6th Cir. 1986). A plaintiff claiming sex discrimination must show that his or her sex was a "but for" cause for the adverse employment decision. *Goosetree*, 796 at 863. The plaintiff's sex need not be the sole reason, only a motivating factor, for the adverse employment decision. *Perry*, 209 F.3d at

5

601. "This 'but for' causation is satisfied when the plaintiff establishes that the defendant's discriminatory intent more likely than not was the basis of the adverse employment action." *Goosetree*, 796 F.2d at 863 (quoting *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 282 (1976)). A showing that the defendant's asserted reason is a pretext for sex is also a showing of a "but for" cause. *Id*.

A plaintiff bears the initial burden of establishing a *prima facie* case of sex discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973). A *prima facie* case can be made either by presenting direct evidence of intentional discrimination or by circumstantial evidence that creates an inference of discrimination. *Talley v. Bravo Pitino Res., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995). Plaintiff has acknowledged that she does not have any direct evidence, and as such must proceed based on circumstantial evidence. Pursuant to *McDonnell Douglas*, to support a claim of sex discrimination based on circumstantial evidence: (1) the plaintiff must establish a *prima facie* case of sex discrimination; (2) if the plaintiff makes out a *prima facie* case, the defendant may offer a legitimate, nondiscriminatory reason in response; and (3) if the defendant offers a reason the burden is on the plaintiff to rebut the proffered reason by showing that the reason was a pretext to mask sex discrimination. *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 574 (6th Cir. 2003).

### a. Prima Facie Case

There are four elements to a *primia facie* case of sex discrimination: (1) plaintiff is a member of a protected class; (2) plaintiff was subject to an adverse employment decision; (3) plaintiff was qualified for the job; and (4) plaintiff was replaced by a person outside of the protected class or was treated differently than similarly situated employees outside the protected class. *Logan v. Denny's, Inc.*, 259 F.3d 558, 567 (6th Cir. 2001); *Warfield v. Lebanon Correctional Institution*, 181 F.3d 723,

729 (6th Cir. 1999). As to element one, both parties acknowledge that Plaintiff is female and, as such, is a member of a protected class.

Element two, adverse employment action, is demonstrated by a "materially adverse change in the terms of [a plaintiff's] employment." *White v. Burlington Northern & Santa Fe RR Co.*, 364 F.3d 78, 797 (6th Cir. 2004). "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Industries v. Ellerth*, 524 U.S. 742, 761 (1998). Reassignments without salary or work hour changes are generally not adverse employment actions. *White*, 364 F.3d at 797. A reassignment without salary or work hour changes may be considered an adverse action if it constitutes a demotion which is evidenced by "a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation." *Id*. The parties disagree over the employment status of the Plaintiff. Plaintiff claims that she was terminated, while Defendant Comau PICO asserts that she has been laid off. Regardless of whether the Plaintiff was terminated or laid off, she has suffered an adverse employment action, and therefore meets the second requirement of a sex discrimination claim.

To prove the third element, plaintiff was qualified for the job, the plaintiff must show that he or she was performing the job at a level which met his or her employer's legitimate expectations. *McDonald v. Union Camp Corp.*, 898 F.2d 1155, 1160 (6th Cir. 1990). A court may not consider the defendant's offered nondiscriminatory reason when examining the plaintiff's *prima facie* case. *Wexler*, 317 F.3d at 574 ("To do so would by-pass the burden-shifting analysis and deprive Plaintiff of the opportunity to show that the nondiscriminatory reason was in actuality a pretext designed to

mask discrimination"). A plaintiff can satisfy the qualification requirement by "presenting credible evidence that his or her qualifications are at least equivalent to the minimum objective criteria required for employment in the relevant field [and] the inquiry should focus on criteria such as education, experience in the relevant industry, and demonstrated possession of the required general skills." *Id*. at 575-76.

Defendant Comau PICO's explanation of why the Plaintiff was not qualified is the same as its nondiscriminatory reason for laying the Plaintiff off, and cannot be considered by the Court during determination of the *prima facie* case. Plaintiff has a B.A. from Albion College and an M.B.A. from Michigan State University, had already had two successful installations for Defendant Comau PICO, and had demonstrated the required general skills in prior performances. Plaintiff has satisfied the third element of a *prima facie* case of sex discrimination.

To establish the fourth element, Plaintiff must show that she was either replaced by someone outside of the protected class or treated differently than similarly situated persons outside of the protected class. *Logan*, 259 F.3d at 567; *Warfield*, 181 F.3d at 729. Plaintiff submits evidence that she was replaced by a male employee, Zach Attanosian, who was less qualified than she was. (Pl.'s Resp. at 5, Ex. 1 at 185, 188-189). James Fee, an employee at Defendant Comau PICO, testified that Zach Attanosian replaced the Plaintiff at the Norfolk site and finished the launch. (Pl.'s Resp., Ex. 9 at 11). Defendant Comau PICO asserts that it has not hired anyone for a MIM position in Michigan since the removal of the Plaintiff from the Norfolk site. (Def.'s Mot. Summ. J., Esse Affidavit ¶ 9). Based on the evidence, there appears to be a dispute of whether the Plaintiff was replaced by a person outside of the protected class. As such, Plaintiff has produced sufficient evidence to create a genuine issue of material fact that she was replaced by a person outside of the

protected class to preclude summary judgment.

Since the Plaintiff has met all four elements required of a *prima facie* case of sex discrimination, the Court must determine whether Defendant Comau PICO had a legitimate nondiscriminatory reason for removing the Plaintiff from the Norfolk site.

### b.     Legitimate, Nondiscriminatory Reason

Defendant Comau PICO has stated a nondiscriminatory reason for the removal of the Plaintiff, namely that the customer, Defendant Ford, complained of her behavior and did not want to work with her anymore, and that work that would have normally gone to Defendant Comau PICO was being bid to other companies as a result of the Plaintiff's behavior with the customer. Plaintiff asserts that the proffered reason was not offered to justify the termination of the Plaintiff, but to support her removal from the Norfolk site. Plaintiff asserts Defendant Comau PICO did not offer any reason for terminating the Plaintiff. Defendant Comau PICO argues, however, that Plaintiff was eventually laid off because she turned down other comparable positions and requested the layoffs. The Court finds that, for purposes of summary judgment, Defendant has offered sufficient reasons for the removal and termination of the Plaintiff.

### iii.     Pretext

A plaintiff can refute a proffered reason as pretext for discrimination "by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct." *Wexler*, 317 F.3d at 576 (quoting *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000)); *Zambetti v. Cuyahoga Community College*, 314 F.3d 249, 258 (6th Cir. 2002); *Johnson v. University of Cincinnati*, 215 F.3d 561, 573 (6th Cir. 2000). "A reason cannot be proved to be 'a pretext for discrimination'

unless it is shown both that the reason was false, and that discrimination was the real reason." *Johnson*, 215 F.3d at 573 (quoting *St. Mary's Honor Ctr. V. Hicks*, 509 U.S. 502, 515 (1993)). While the presumption of discrimination "drops out of the picture" once the defendant has produced a reason for its actions, *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 143 (2000), citing *St. Mary's Honor Ctr.*, 509 U.S. at 511, on the issue of whether the proffered reason is pretextual, the trier of fact may consider the evidence establishing the *prima facie* case and inference drawn there from. *Id*.

Plaintiff appears to argue that Defendant Comau PICO's proffered reason was pretextual, because the offered reason was not what actually motivated Defendant Comau PICO's challenged conduct. These described instances include: condescending and demeaning behavior by male employees; Defendant Comau PICO's failure to take action when Plaintiff complained of sexual harassment by another employee; Plaintiff received different benefits than those given to her predecessor when she replaced a male employee as an Executive Assistant; a male employee videotaped her chest area and showed the tape to other employees; being sexually propositioned by a male employee; suggestion by a male employee that she was on her period when she was upset; and other derogatory comments by male employees directed to the Plaintiff and other female employees. (Pl.'s Resp. at 16-18).

The Plaintiff has provided several anecdotal instances pointing to a corporate culture of sexism. Plaintiff has also shown some evidence that the behavior cited by Defendant Comau PICO as the reason for her removal was not as extreme as stated by Defendant Comau PICO. Plaintiff has also raised a question of fact as to whether the positions offered to her by Defendant Comau PICO were in fact comparable. Plaintiff has shown that Defendant Comau PICO's proffered reason could

10

have been a pretext for discrimination.

Since the Plaintiff has sufficiently established a prima facie case, and shown that Defendant Comau PICO's proffered reason could have been a pretext for discrimination, summary judgment is not appropriate as to Plaintiff's sex discrimination claim.

### 2.     Retaliation, Count II

Plaintiff argues that Defendant Comau PICO terminated her and reduced her bonus for reporting sex discrimination. Plaintiff complained of sex discrimination and asked the Vice President of Human Resources for an investigation on March 17, 2003. (Pl.'s Resp. at 19). Defendant Comau PICO claims that it did not know of Plaintiff's complaints regarding sexual harassment until after Plaintiff was removed from the Norfolk plant and, as such, cannot be liable for retaliation in removing her from the site. Plaintiff argues that the act of retaliation for placing the formal complaint was the reduction of her bonus, which occurred after Plaintiff complained of sexual harassment.

> A *prima facie* case of retaliation under Title VII requires a showing that:
>
> (1) [s]he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to Defendants; (3) Defendants thereafter took an adverse employment action against Plaintiff, or Plaintiff was subjected to severe or pervasive retaliatory harassment by a supervisor; and (4) there was a causal connection between the protected activity and the adverse employment action or harassment.

*Johnson v. University of Cincinnati*, 215 F.3d 561, 578 (6th Cir. 2000); see also *DeFlavis v. Lord & Taylor, Inc.*, 223 Mich. App. 432, 436 (1997). Prohibited activities under Title VII include:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful

employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

In this case, Plaintiff may have created a genuine issue of material fact as to whether she engaged in activity protected by Title VII by complaining to Defendant Comau PICO about the sex discrimination. There is no dispute that Defendant Comau PICO learned of the complaints after she was removed from the Norfolk plant but prior to her termination and reduction of her bonus. Plaintiff has met the first three prongs of a *prima facie* retaliation claim. However, Plaintiff has not shown a causal connection between the protected activity and the adverse employment action. The Sixth Circuit has held that the temporal proximity of her protected activity (complaining about alleged sex discrimination) to the adverse employment action (her termination and reduction of bonuses) does not establish the causal link necessary to a *prima facie* case of retaliation. *Balmer v. HCA, Inc.,* 423 F.3d 606, 615 (6th Cir. 2005) (quoting *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1314 (6th Cir.1989)( "the mere fact that an adverse employment decision occurs after a charge of discrimination is not, standing alone, sufficient to support a finding that the adverse employment decision was in retaliation to the discrimination claim.")). Plaintiff has not presented any evidence, other than the timing of the complaints, to establish a causal connection between the protected activity and the adverse employment action. Plaintiff has failed to state a *prima facie* case of retaliation against Defendant Comau PICO. Count II must be dismissed.

### C.     Conspiracy, Count IV - Against Defendants Comau PICO and Ford

Plaintiff alleges that Defendants conspired with each other to discriminate against Plaintiff based on sex and to retaliate against Plaintiff for complaining about the sex discrimination, in

violation of the Elliott-Larsen Civil Rights Act ("ELCRA"). The ELCRA provides: "Two or more persons shall not conspire to ... [r]etaliate or discriminate against a person because the person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act." M.C.L. 37.2701(a). A civil conspiracy is the "combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Admiral Ins. Co. v. Columbia Casualty Ins.*, 194 Mich. App. 300, 313 (Mich. App. 1992). "All those who, in pursuance of a common plan to commit a tortious act, actively take part in it and further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or who ratify and adopt the acts done for their benefit, are equally liable with him." *Rosenberg v. Rosenberg Bros. Special Account*, 134 Mich. App. 342, 354 (1984). One who commits an innocent act which furthers the tortious purpose of another person is not acting in concert with him. *Id*. In a civil conspiracy action, "the gist or gravamen of the action is not the conspiracy but is the wrongful acts causing the damages." *Roche v. Blair*, 305 Mich. 608, 614 (1943). A conspiracy standing alone without the commission of acts causing damage is not actionable. *Id*. The cause of action does not result from the conspiracy but from the actions committed. *Id*.

Plaintiff asserts that Defendant Ford employees reacted negatively to the Plaintiff's personality because she is a woman, and harassed and discriminated against the Plaintiff based on her gender, actions which were ratified and acted upon by Defendant Comau PICO. Plaintiff claims that Defendant Comau PICO took Defendant Ford's negative reaction at face value when it would not have done so with a male MIM in Plaintiff's position. Plaintiff further states that Defendants jointly agreed to remove the Plaintiff from the Norfolk site. Plaintiff fails, however, to provide

evidence that the Defendants had a common plan to discriminate against her based on the unlawful purpose of sex discrimination. At most, Plaintiff alleges that Defendant Ford had a discriminatory purpose for requesting Plaintiff's removal and Defendant Comau PICO was misled into agreeing with the removal. Even if such an allegation was true, it does not show the existence of a common plan between the Defendants to discriminate against the Plaintiff. As such, Defendant Comau PICO could not be held to have conspired with Defendant Ford, since a common plan to discriminate against the Plaintiff did not exist. As Plaintiff does not provide evidence of a conspiracy to violate the ELCRA, summary judgement is appropriate and Count IV is dismissed.

## V. CONCLUSION

For the reasons set forth above, summary judgment must be entered in favor of Defendants. Accordingly,

IT IS HEREBY ORDERED that Defendant Ford Motor Company's Motion for Summary Judgment **[Docket No. 47, filed March17, 2005]** is GRANTED.

IT IS FURTHER ORDERED that Defendant Comau PICO's Motion for Summary Judgment **[Docket No. 48, filed March 17, 2005]** is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that the Counts II, III, and IV are DISMISSED. Count I, Sex Discrimination, remains against Defendant Comau PICO.

IT IS FURTHER ORDERED that Defendant Ford Motor Company is DISMISSED.

IT IS FURTHER ORDERED that a Status Conference with the remaining parties is scheduled for **Tuesday, May 30, 2006, 4:15 p.m.**

         /s/  DENISE  PAGE  HOOD
         DENISE PAGE HOOD
         United States District Judge

DATED: March 31, 2006

  I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2006, by electronic and/or ordinary mail.

         s/William F. Lewis
         Case Manager